# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MIKE KOBEY, | DOCKET NUMBER |
| Appellant, | DA-844E-22-0057-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: November 16, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mike Kobey, Nacogdoches, Texas, pro se.

James Mercier, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his request for disability retirement benefits under the Federal Employees' Retirement System.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On review, the appellant reasserts his argument that he is an annuitant entitled to restoration of disability retirement benefits based on OPM's April 19, 2013 approval of his application for disability retirement.[2] Petition for Review (PFR) File, Tab 1 at 4. He disputes the administrative judge's finding that the February 28, 2017 decision of the Equal Employment Opportunity Commission (EEOC), cancelling his 2012 removal from Federal service and ordering his former employing agency, the Department of the Interior (DOI), to reinstate him, retroactive to the date of his removal, cancelled his disability retirement annuity. *Id.* He attaches several documents to his petition for review, including documents related to OPM's approval of his disability retirement application in 2013 and communications with DOI regarding his annuity and Federal health benefits. *Id.* at 7-14.

¶3 We agree with the administrative judge that the appellant is not entitled to reinstatement of his 2013 disability retirement annuity because it was cancelled as a result of the EEOC's order that DOI reinstate him to Federal service, retroactive

---

[2] The appellant states on review that he is not challenging the portion of OPM's decision denying his July 29, 2020 application for disability retirement benefits. PFR File, Tab 1 at 4.

to the date of his removal for medical inability. Initial Appeal File (IAF), Tab 25, Initial Decision (ID) at 5-6. We do not agree with the appellant's assertion that OPM may only cancel an annuity if the appellant makes such a request. PFR File, Tab 1 at 4-5. OPM's regulations provide that it "will cancel any disability retirement when a final decision of an administrative authority or court reverses the removal action and orders the reinstatement of an employee to the agency rolls." 5 C.F.R. § 844.202(c)(2). Further, "OPM may rescind a decision to allow an application for disability retirement at any time if OPM determines that the original decision was erroneous due to fraud, misstatement of fact, or upon the acquisition of additional medical or other documentation." 5 C.F.R. § 844.203(c)(2). Accordingly, we find that OPM correctly rescinded or cancelled the appellant's disability retirement annuity.[3] The regulations cited in the appellant's petition for review, which refer to annuitants, are therefore inapplicable because the appellant is no longer an annuitant. PFR File, Tab 1 at 4-5. We further note that the appellant's request for a disability retirement annuity in addition to the relief ordered by the EEOC, which returned him to the status quo ante, is contrary to the well-established principle that status quo ante relief does not entitle an appellant to be placed in a better position than they would have enjoyed had the personnel action not occurred. IAF, Tab 7 at 106, 108; *see Gingery v. Department of Defense*, 121 M.S.P.R. 423, ¶ 8 (2014).

¶4        Regarding the documents submitted by the appellant on review, PFR File, Tab 1 at 7-14, he has not alleged that they were unavailable to him prior to the close of the record before the administrative judge, and thus, we do not consider them. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980) (holding that the Board generally will not consider evidence submitted for the

---

[3] The appellant's assertion that he did not accept rescission of his disability annuity misses the mark. PFR File, Tab 1 at 4. The appropriate inquiry is whether the appellant refused the EEOC's order of reinstatement. The administrative judge correctly found that he did not and, in fact, he returned to work at the agency for several years after he was reinstated. ID at 2, 5.

first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence); 5 C.F.R. § 1201.115.  In any case, the documents do not warrant a different result.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).  Based on the foregoing, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Jennifer Everling

_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.